## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DIETRICK GREENLAW, Individually and
on Behalf of All Others Similarly Situated**                    **PLAINTIFF**

v.                                  **No. 4:20-cv-1286-DPM**

**B & M MANAGEMENT COMPANY OF
ALABAMA, LLC**                                          **DEFENDANT**

### PROTECTIVE ORDER

To protect confidential information ("Confidential Information") of the parties sought or used in informal exchanges, discovery, motions, or trial in this action (the "Proceeding"), Plaintiff and Defendant have agreed to the terms of and, subject to approval of the Court, to the entry of this Agreed Protective Order (the "Protective Order") under the Federal Rules of Civil Procedure (individually, "Rule", or collectively "Rules").

1.  As used in this Protective Order:

    (a) "Parties" shall refer to the Plaintiff and Defendant in this Proceeding.

    (b) The term "discovery material" shall include:

        i.   The records of depositions and transcripts created, or portions thereof, in this Proceeding under Rules 27, 30, 31 and 32;

        ii.  The testimony, or portions thereof, given by any party or non-party upon any deposition in this Proceeding;

      iii.    Documents and things within the scope set forth in Rule 34 and produced by any party or non-party in this Proceeding;

      iv.    Answers to interrogatories under Rule 33, requests for production under Rule 34, or requests for admission under Rule 36 in this Proceeding; and

      v.    Records and documents produced by any party or non-party without formal discovery processes.

(c)   "Confidential Material" shall refer to any discovery material, or any portion thereof, which contains information that either party considers confidential, proprietary, or competitively sensitive, including but not limited to medical information, financial information, accounting information, business planning or development information, customer information, personal employee information, commercial information, competitive information, research or any information designated by a party as Confidential Material as provided herein.

**2.**    Any party or non-party producing or receiving any discovery material may designate all or any portion or portions thereof as Confidential Material. A designation of confidentiality made pursuant to the terms of this Protective Order shall signify that such designated material has been reviewed by the party or non-party making the designation, and that such designation is based upon a good faith analysis of the confidentiality of any such designated material.

-2-

**3.** The designation of Confidential Material may be made by:

(a) placing or affixing thereon, in such a manner as will not interfere with the legibility thereof, the designation **"CONFIDENTIAL"**, or

(b) in the case of oral discovery material, by either:

    i. stating orally on the record of a deposition that certain information or exhibits are Confidential, or

    ii. sending written notice designating such material as Confidential within thirty (30) days of receipt of the deposition transcript. Prior to expiration of those thirty (30) days, or until it is otherwise designated, whichever comes first, all such discovery material shall be deemed Confidential.

**4.** Any discovery material with a cover page containing notice of a Confidential designation, and the information contained therein, shall be deemed Confidential Material in its entirety unless the party designating the material as Confidential indicates that only a portion is to be covered by the notice of confidentiality.

**5.** Unless and until otherwise ordered by the Court, discovery materials designated as Confidential and the contents thereof may be disclosed only as follows:

(a) Confidential Material and the contents thereof may be disclosed to counsel for named Parties and persons regularly employed in the office of such counsel.

- 3 -

(b) Confidential Material and the contents thereof may be disclosed to witnesses for named Parties.

(c) Confidential Material and the contents thereof may be disclosed to Parties and their officers, directors, or employees who are assisting in the evaluation, prosecution or defense of this Proceeding.

(d) Disclosure may also be made to court personnel, subject to the terms and provisions of this Protective Order and Paragraph 8 herein.

**6.** If a non-party produces documents that are not designated as Confidential, such documents shall still be considered as Confidential under this Protective Order for at least seven (7) days from the time that each party to this action has received such documents. If at the end of such period, one of the Parties believes that the documents should be permanently designated as Confidential, that person should first notify the producing party that the documents should be so designated.

**7.** A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within thirty days after such objection, the parties and any other objecting person or persons shall confer in good faith, and in person, to resolve the objections. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute". The joint report must not exceed ten pages, excluding the style and signature block.

- 4 -

Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed until the Court issues a ruling or schedules a hearing.

**8.**     All Confidential Material and its contents shall be used and/or disclosed solely for the purpose of the direct prosecution or defense of this Proceeding and for no other purpose whatsoever. No party to this action, nor any director, officer, employee, agent or attorney for any party, shall use or permit to be used any Confidential Material or the contents thereof for any business, commercial or other purpose whatsoever.

**9.**     The parties must comply with Rule 5.2's mandate for redaction if practicable before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

**10.**     If, during trial, either party intends to introduce into evidence any specific information designated as Confidential, the offering party shall give specific notice of that intention to the Court and opposing counsel at least twenty-four (24) hours prior to the trial date set in this matter, and the Court may take such steps as it shall deem reasonably necessary to preserve

- 5 -

the confidentiality of such information.  In no event shall a party be allowed to introduce Confidential evidence at the trial of this matter that has not been disclosed to the Court and opposing counsel prior to the twenty-four hour deadline.

**11.**    Within thirty (30) days after the settlement or entry of final judgment or order in this Proceeding from which no appeal has been or can be taken, all Confidential Material and all copies thereof shall be destroyed or returned to the party or non-party producing or providing the same, and each of the Parties shall separately certify in writing that each has returned all the Confidential Material.  Each of the Parties shall also, at their own expense, have their experts destroy all copies of Confidential Materials.

**12.**    Review of Confidential Material and information by any person authorized under this Protective Order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege.

**13.**    Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material sought.

**14.**    If any person covered by this Protective Order is subpoenaed or served with a document demand in another legal action or proceeding and such subpoena or document demand seeks information which has been designated in the litigation as Confidential pursuant to the terms of this

- 6 -

Protective Order, that person shall (i) give prompt written notice within forty-eight (48) hours after the receipt of such subpoena or document demand, to the party or non-party, or their counsel, who produced or designated the information as Confidential; and (ii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the party or non-party who designated the information as Confidential. Unless the party or non-party who designated the information as Confidential obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena or document demand, the party or non-party who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand; *provided, however*, that the party or non-party who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date. Compliance by any party or non-party with an order from another court or tribunal directing production of information designated in this Proceeding as Confidential pursuant to the terms of this Protective Order shall not constitute a violation of this Protective Order.

**15.** This Protective Order shall remain in full force and effect, unless modified by order of the Court or by joint or agreed motion of the Parties, until one year after this litigation ends. This Protective Order is binding on

- 7 -

all Parties and their affiliates, parent corporations, attorneys, agents, experts, consultants, employees, representatives, successors and assigns.

16.  The Parties have authorized their respective counsel of record to execute this Protective Order on their behalf, and the Parties and their respective counsel agree to be bound by the terms of this Protective Order.

17.  By their signature below, counsel for the Parties represent that they have explained the terms of this Protective Order to their respective clients and that they, their employees and agents, and the Parties, agree to be bound by the terms of this Protective Order.

So Ordered.

D.P. Marshall Jr.
United States District Judge

17 November 2021

**AGREED**:

Joshua Sanford
Ark. Bar No. 2001037
Colby Qualls
Ark. Bar No. 2019246
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza, Suite 510
10800 Financial Centre Parkway
Little Rock, AR 72211
501-221-0088
josh@sanfordlawfirm.com
colby@sanfordlawfirm.com
*Attorneys for Plaintiff*

David P. Martin
Ark. Bar No. 92241
Nancy A. Smith
Ark. Bar No. 2020212
ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201
(501) 375-9131 | Main
(501) 375-1309 | Facsimile
dmartin@roselawfirm.com
nsmith@roselawfirm.com
*Attorneys for Defendant*