IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DIETRICK GREENLAW, Individually and**     **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                No. 4:20-cv-1286-DPM

**B & M MANAGEMENT**     **DEFENDANT**
**COMPANY OF ALABAMA, LLC**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Dietrick Greenlaw, individually and on behalf of others similarly situated, by and through their attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, and Defendant B & M Management Company of Alabama, LLC, by and through its attorneys Nancy A. Smith and David P. Martin of Rose Law Firm, a Professional Association, for their Joint Motion for Approval of Settlement and Dismissal with Prejudice state as follows:

1. Dietrick Greenlaw ("Named Plaintiff") initiated this action on 28 October 2020. *See* ECF No. 1. Named Plaintiff's Complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq. Id*. Named Plaintiff alleged that he received nondiscretionary bonuses and rent credits which were not included within his regular rate of pay for purposes of calculating overtime and that this omission led to Defendant's failure to properly pay him overtime compensation. *Id.*

Page 1 of 5
Dietrick Greenlaw, et al. v. B & M Management Company of Alabama, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1286-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

2. Defendant disputes that Plaintiff was not properly paid for overtime hours worked, thereby creating a bona fide dispute.

3. On 1 June 2021, the Court granted conditional certification of a collective of: "All maintenance workers and groundskeepers employed at B & M-managed properties who received a bonus or rent credit in connection with work performed in at least one week in which they worked over forty hours since 28 October 2017." ECF No. 20.

4. Following distribution of Notice and Consent forms, 45 individuals submitted Consent to Join forms and joined the case as party-plaintiffs ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs").

5. Following informal discovery guided by the allegations in the Complaint, the Parties entered into settlement negotiations which were ultimately successful.

6. The Parties have memorialized their settlement within their Settlement Agreement and Release of Claims ("Settlement Agreement") which resolves all claims in this lawsuit. A copy of the Settlement Agreement is attached hereto as Exhibit 1.

7. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. 27 Apr. 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of

Page 2 of 5
Dietrick Greenlaw, et al. v. B & M Management Company of Alabama, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1286-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id*. (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

8. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows negotiations conducted by opposing counsel at arm's length, including the sharing of time and pay records, by experienced counsel representing both parties. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

9. Using records provided by Defendant, counsel for the Parties were able to calculate Plaintiffs' maximum regular rate damages, construing all allegations in the Complaint in their favor. For purposes of these calculations, Plaintiffs were given an ideal hourly rate which took into account all bonuses and rent credits received during their tenure with Defendant within the statutory period. Under the settlement, Plaintiffs are receiving 100% of these maximum damages, including liquidated damages.

10. The Parties negotiated attorneys' fees and costs separately and without regard to Plaintiffs' claims. The amount of attorneys' fees and costs to be paid was

Page 3 of 5
Dietrick Greenlaw, et al. v. B & M Management Company of Alabama, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1286-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice

negotiated only after an agreement was reached as to Plaintiffs' liability damages. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

11.     This Settlement Agreement resolves all matters remaining before the Court. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of this action. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Settlement and Dismissal with Prejudice, dismiss this lawsuit with prejudice, and retain jurisdiction for the purpose of enforcing the terms of their settlement.

**Page 4 of 5**
**Dietrick Greenlaw, et al. v. B & M Management Company of Alabama, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-1286-DPM**
**Joint Motion for Approval of Settlement and Dismissal with Prejudice**

                Respectfully submitted,

                **DIETRICK GREENLAW, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                SANFORD LAW FIRM, PLLC
                Kirkpatrick Plaza
                10800 Financial Centre Pkwy, Suite 510
                Little Rock, Arkansas 72211
                Telephone: (800) 615-4946
                Facsimile: (888) 787-2040

                Colby Qualls
                Ark. Bar No. 2019246
                colby@sanfordlawfirm.com

                Josh Sanford
                Ark. Bar No. 2001037
                josh@sanfordlawfirm.com

and    **DEFENDANT B & M MANAGEMENT COMPANY OF ALABAMA, LLC**

                ROSE LAW FIRM
                A Professional Association
                120 East Fourth Street
                Little Rock, Arkansas 72201
                Telephone: (501) 374-9131
                Facsimile: (501) 375-1309

                David P. Martin
                Ark. Bar No. 92241
                dmartin@roselawfirm.com

                */s/ Nancy A. Smith*
                Nancy A. Smith
                Ark. Bar No. 2020212
                nsmith@roselawfirm.com

Page 5 of 5
Dietrick Greenlaw, et al. v. B & M Management Company of Alabama, LLC
U.S.D.C. (E.D. Ark.) No. 4:20-cv-1286-DPM
Joint Motion for Approval of Settlement and Dismissal with Prejudice